1  IAN K. BOYD (State Bar No. 191434)
   E-Mail:    *iboyd@sideman.com*
2  ANDRE FONTANA (State Bar No. 324801)
   E-Mail:    *afontana@sideman.com*
3  SIDEMAN & BANCROFT LLP
4  One Embarcadero Center, Twenty-Second Floor
5  San Francisco, California 94111-3711
   Telephone:  (415) 392-1960
6  Facsimile:  (415) 392-0827

Attorneys for ILIA INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ILIA INC, | Case No. 8:25-cv-2030 |
| Plaintiff, | **COMPLAINT FOR RELIEF PURSUANT TO 15 U.S.C. § 1114 ET SEQ.** |
| v. | |
| JOHN DOE a/k/a SMITH CHEEL, | |
| Defendant. | |

Plaintiff Ilia Inc. dba ILIA Beauty ("ILIA") alleges and complains against Defendant JOHN DOE a/k/a SMITH CHEEL, as follows:

## JURISDICTION AND VENUE

1. This is an action for violations under the Lanham Act, 15 U.S.C. §§ 1051 et seq. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2. The Court has specific personal jurisdiction because Defendant DOE directed its business activities to this District, misled consumers in this District, and committed the acts complained of herein with knowledge that its acts would be felt by ILIA in this District.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to this action occurred and are occurring in this District.

## BACKGROUND

4. Plaintiff ILIA is a well-known and widely respected beauty and skincare brand with its principal place of business in this District. Since its founding in 2011, ILIA has grown into a leading name in the "clean beauty" movement, offering high-performance cosmetics and skincare products formulated with safe, effective ingredients. ILIA's products are designed to meet the standards of both cosmetic performance and environmental sustainability, and the brand is known for its minimalist packaging, cruelty-free formulations, and emphasis on skin health.

5. ILIA owns and operates its primary official website at the domain <iliabeauty.com>, which it also uses as its primary online retail platform. Through this website and major third-party retailers such as Sephora and Credo Beauty, ILIA has developed substantial consumer recognition in this District, across the United States, and throughout the world.

6. Through the superior quality of its products, advertising, high customer satisfaction, and media coverage, ILIA has acquired significant goodwill and consumer recognition in the beauty, cosmetics, and skincare spaces. By consistently delivering high-quality products, ILIA has built a strong following of brand loyalists throughout the world and a supportive community, with features in world-famous publications including *Vogue*, *Allure*, and *Forbes*. The brand has been recognized for innovation in clean cosmetics and has earned awards and accolades across the beauty industry. Accordingly, the public has come to associate products sold under and associated with ILIA's trademarks with ILIA's reputation for exceptional quality and strong community.

7. ILIA has used its family of distinctive ILIA trademarks (the "ILIA Marks") continuously and exclusively to identify goods and services as genuine ILIA products.

8. In addition to its common law rights to the ILIA Marks, ILIA has received federal trademark protection in the United States for several trademarks, including but not limited to the ILIA Marks, and has developed a global trademark portfolio of ILIA and ILIA-formative trademark registrations and applications, covering a wide variety of goods and services including cosmetics, retail store services, and beauty consultation. A representative sample of ILIA's relevant federal trademark registrations for the ILIA Marks are listed below.

| Mark | U.S. Reg. No. | First Use | Date Issued |
| --- | --- | --- | --- |
| ILIA | 4098691 | As early as May 30, 2011 | February 14, 2012 |
| ILIA | 4226819 | As early as May 08, 2011 | October 16, 2012 |
| ILIA | 5857861 | As early as August 27, 2016 | September 10, 2019 |

9. In 2025, ILIA received complaints from customers who had been deceived into submitting payments at the website <lilia.beauty> under the mistaken belief they would receive ILIA products, when in fact such website was not

associated with nor authorized by ILIA, and no such products were ever sent to the customers. The website <lilia.beauty>, registered via Namecheap, displayed ILIA's products and copyrighted images from ILIA's authentic website <iliabeauty.com>, (falsely) offering such products for sale via a payment link that duped customers into submitting payments for products they would never receive. Accordingly, on June 19, 2025, ILIA filed a complaint (and on June 21, 2025, an amended complaint) with the World Intellectual Property's Arbitration and Mediation Center (the "Center"). The complaint sought, under the Uniform Domain Name Dispute Resolution Policy (the "UDRP"), the transfer of the disputed internet domain name to ILIA from an unknown registrant (the "UDRP Respondent").

10. In its complaint before the Center, ILIA alleged that the UDRP Respondent registered <lilia.beauty> (the "Disputed Domain Name") in bad faith and to mislead ILIA's customers into submitting payments to the lilia.beauty site. ILIA claimed that the Disputed Domain Name infringed on ILIA Marks, and therefore sought transfer of the Disputed Domain Name to ILIA.

11. On August 5, 2025, a panel for the Center issued a decision ordering that the Disputed Domain Name be transferred to ILIA (the "UDRP Decision"). Attached hereto as **Exhibit A**, and by this reference incorporated herein as if fully set forth in this Complaint in its entirety, is a true and correct copy of the UDRP Decision.

12. The UDRP Decision found that (1) ILIA had shown rights with respect to a trademark or service mark under the UDRP; (2) the UDRP Respondent lacked rights or legitimate interests in the Disputed Domain Name; and (3) the Respondent had intentionally attempted to attract, for commercial gain, Internet users by creating a likelihood of confusion with ILIA Marks.

13. Upon information and belief, Defendant JOHN DOE, a/k/a SMITH CHEEL, is the UDRP Respondent.

3

Case No. 8:25-cv-2030
COMPLAINT FOR RELIEF PURSUANT TO 15 U.S.C. § 1114 ET SEQ.

14. Upon information and belief, SMITH CHEEL is the alias of the true person or persons who registered the infringing Disputed Domain Name.

15. The true name of JOHN DOE is currently unknown to ILIA and, as a result, ILIA sues JOHN DOE as a fictitious name for the true identity of the UDRP Respondent, that is, the person or persons who registered the infringing Disputed Domain Name.

## FIRST CLAIM FOR RELIEF
## Trademark Infringement
## (15 U.S.C. § 1114(1))

16. ILIA incorporates by reference the allegations in the preceding paragraphs.

17. The ILIA Marks are valid marks subject to federal trademark protection.

18. ILIA is the owner of the ILIA Marks and established such rights in its marks prior to Defendant DOE's infringing conduct.

19. Defendant DOE registered and used <lilia.beauty>, the Disputed Domain Name, to solicit purchases by falsely claiming to be offering ILIA's products, and ILIA is informed and believes that Defendant DOE retained the funds it received from unsuspecting customers and did not send any ILIA products in return.

20. Defendant DOE's use of the Disputed Domain Name did cause, and is further likely to cause, confusion, mistake, and to deceive consumers.

21. The composition of the Disputed Domain Name—comprising the ILIA Marks preceded by the letter "*l*" and using the top-level domain ".beauty" — confusingly implies a connection with ILIA. The nature of the disputed domain name, coupled with its use in commerce, creates a likelihood of confusion with ILIA's trademark rights.

22. Defendant DOE has no rights or legitimate interests in the Disputed Domain Name.

23. Defendant DOE has attempted to attract, for commercial gain, payments from Internet users by creating a likelihood of confusion with ILIA's Marks.

24. ILIA has suffered, and is likely to continue suffering, damages to its business and goodwill, the loss of sales, and profits it would have made but for Defendant DOE's wrongful acts, all in an amount to be proven at trial.

25. Defendant DOE's conduct has injured ILIA and has deceived the general public, and unless enjoined, will continue to cause irreparable harm to ILIA and the general public. The balance of equities and the public interest favor enjoining Defendant DOE's unlawful conduct. ILIA is therefore entitled to equitable relief including injunctive relief as set forth in its Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, ILIA prays for relief as follows:

A. That the Court enter judgment in favor of ILIA and against Defendant DOE on the claims for relief alleged herein;

B. For an order permanently enjoining and restraining Defendant, its agents, employees, and any related companies or persons in active concert with it, from engaging in the false and/or misleading conduct referenced herein;

C. For an order requiring an accounting of all gains, profits, savings and advantages realized by Defendant DOE from its false advertising, unfair competition, and other violations of law as identified above;

D. An award to ILIA for damages attributable to Defendant DOE's infringement;

E. A finding that Defendant's conduct gives rise to an "exceptional case" due to the willful and purposeful nature of Defendant's infringement, and awarding

1  damages and attorneys' fees and costs to ILIA pursuant to 15 U.S.C. § 1117, as well
2  as treble damages and attorneys' fees to the fullest extent permitted by law;
3    F. For prejudgment interest and costs;
4    G. For punitive and exemplary damages as permitted by law and in an
5  amount to be proven at trial; and
6    H. For any other relief the Court deems just and proper.

DATED: September 9, 2025  SIDEMAN & BANCROFT LLP

        By: /s/ *Ian K. Boyd*
          Ian K. Boyd
          Attorneys for Plaintiff
          ILIA INC.

10557-12\7632648

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

6  Case No. 8:25-cv-2030
COMPLAINT FOR RELIEF PURSUANT TO 15 U.S.C. § 1114 ET SEQ.

# Exhibit A



**ARBITRATION
AND
MEDIATION CENTER**

# ADMINISTRATIVE PANEL DECISION
Ilia Inc. v. Smith Cheel
Case No. D2025-2440

## 1. The Parties

The Complainant is Ilia Inc., United States of America ("United States"), represented by Sideman & Bancroft LLP, United States.

The Respondent is Smith Cheel, United States.

## 2. The Domain Name and Registrar

The disputed domain name <lilia.beauty> is registered with NameCheap, Inc. (the "Registrar").

## 3. Procedural History

The Complaint was filed with the WIPO Arbitration and Mediation Center (the "Center") on June 19, 2025. On June 20, 2025, the Center transmitted by email to the Registrar a request for registrar verification in connection with the disputed domain name.  On June 21, 2025, the Registrar transmitted by email to the Center its verification response disclosing registrant and contact information for the disputed domain name which differed from the named Respondent (Redacted for Privacy, Privacy service provided by Withheld for Privacy ehf) and contact information in the Complaint.  The Center sent an email communication to the Complainant on June 23, 2025, providing the registrant and contact information disclosed by the Registrar, and inviting the Complainant to submit an amendment to the Complaint.  The Complainant filed an amended Complaint on June 24, 2025.

The Center verified that the Complaint together with the amended Complaint satisfied the formal requirements of the Uniform Domain Name Dispute Resolution Policy (the "Policy" or "UDRP"), the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules"), and the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy (the "Supplemental Rules").

In accordance with the Rules, paragraphs 2 and 4, the Center formally notified the Respondent of the Complaint, and the proceedings commenced on June 26, 2025.  In accordance with the Rules, paragraph 5, the due date for Response was July 16, 2025.  The Respondent did not submit any response.  Accordingly, the Center notified the Parties of the Respondent's default on July 17, 2025.

The Center appointed Ingrīda Kariņa-Bērziņa as the sole panelist in this matter on July 22, 2025. The Panel finds that it was properly constituted. The Panel has submitted the Statement of Acceptance and Declaration of Impartiality and Independence, as required by the Center to ensure compliance with the Rules, paragraph 7.

### 4. Factual Background

The Complainant, based in California, United States, manufactures and markets cosmetics products under the ILIA brand. It is the proprietor of several trademarks, including the following:

-     United States Trademark No. 4098691 for ILIA (word mark), registered on February 14, 2012 for goods and services in classes 3 and 35;
-     United States Trademark No. 5,857,861 for ILIA (word mark), registered on September 10, 2019 for services in class 44.

The Complainant operates its primary business and e-commerce website at the domain name <iliabeauty.com>.

The disputed domain name was registered on May 22, 2025. At the time of this Decision, it did not resolve to an active website. The record reflects that it previously resolved to an e-commerce website with the headline "Ilia Beauty" through which the Respondent purported to offer "Ilia Beauty" products for sale.

No further information is available about the Respondent.

### 5. Parties' Contentions

#### A. Complainant

The Complainant contends that it has satisfied each of the elements required under the Policy for a transfer of the disputed domain name.

Notably, the Complainant contends that since its founding in 2011, ILIA Beauty has grown into a leading name in the "clean beauty" movement, offering high-performance cosmetics and skincare products formulated with safe, effective ingredients. The Complainant, which is commonly known as "ILIA Beauty," offers its products to customers internationally through its own website and through well-known third-party retailers such as Sephora and others. The disputed domain name incorporates the entirety of the Complainant's ILIA mark and redirects Internet users to a fraudulent website mimicking the Complainant's website, displaying its mark and featuring images of its products. The Respondent is in no way connected to the Complainant and has no right to use its mark.

The Complainant requests transfer of the disputed domain name.

#### B. Respondent

The Respondent did not reply to the Complainant's contentions.

### 6. Discussion and Findings

Paragraph 4(a) of the UDRP requires the Complainant to make out all three of the following:

(i)    the disputed domain name is identical or confusingly similar to a trademark or service mark in which the Complainant has rights; and

(ii)   the Respondent has no rights or legitimate interests in respect of the disputed domain name;  and

(iii)  the Respondent has registered and is using the disputed domain name in bad faith.

Under paragraph 15(a) of the Rules, "[a] Panel shall decide a complaint on the basis of the statements and documents submitted and in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable".

**A. Identical or Confusingly Similar**

It is well accepted that the first element functions primarily as a standing requirement.  The standing (or threshold) test for confusing similarity involves a reasoned but relatively straightforward comparison between the Complainant's trademark and the disputed domain name.  WIPO Overview of WIPO Panel Views on Selected UDRP Questions, Third Edition, ("WIPO Overview 3.0"), section 1.7.

The Complainant has shown rights in respect of a trademark or service mark for the purposes of the Policy. WIPO Overview 3.0, section 1.2.1.

The entirety of the Complainant's ILIA mark is reproduced within the disputed domain name.  The Panel finds that the addition of an initial letter "l" constitutes a deliberate misspelling of the Complainant's mark. Accordingly, the disputed domain name is confusingly similar to the mark for the purposes of the Policy. WIPO Overview 3.0, sections 1.7 and 1.9.

The Panel finds the first element of the Policy has been established.

**B. Rights or Legitimate Interests**

Paragraph 4(c) of the Policy provides a list of circumstances in which the Respondent may demonstrate rights or legitimate interests in a disputed domain name.

Although the overall burden of proof in UDRP proceedings is on the complainant, panels have recognized that proving a respondent lacks rights or legitimate interests in a domain name may result in the difficult task of "proving a negative", requiring information that is often primarily within the knowledge or control of the respondent.  As such, where a complainant makes out a prima facie case that the respondent lacks rights or legitimate interests, the burden of production on this element shifts to the respondent to come forward with relevant evidence demonstrating rights or legitimate interests in the domain name (although the burden of proof always remains on the complainant).  If the respondent fails to come forward with such relevant evidence, the complainant is deemed to have satisfied the second element.  WIPO Overview 3.0, section 2.1.

Having reviewed the available record, the Panel finds the Complainant has established a prima facie case that the Respondent lacks rights or legitimate interests in the disputed domain name.  The Respondent has not rebutted the Complainant's prima facie showing and has not come forward with any relevant evidence demonstrating rights or legitimate interests in the disputed domain name such as those enumerated in the Policy or otherwise.

The Panel notes the composition of the disputed domain name, comprising the ILIA mark preceded by the letter "l" and using the top-level domain ".beauty" which, in the Panel's view, implies a connection with the Complainant.  The Panel finds that the nature of the disputed domain name, coupled with its use, carries a risk of implied affiliation to the Complainant that cannot constitute fair use.  WIPO Overview 3.0, section 2.5.1.

The Respondent has not proved rights or legitimate interests.  There is no evidence that the Respondent is commonly known by the disputed domain name.  The disputed domain name redirected to an "Ilia Beauty" website prominently featuring the Complainant's mark and images of its products.  Under these

circumstances, such use cannot establish rights or legitimate interests.  See WIPO Overview 3.0, sections 2.5.2 and 2.5.3.

Panels have held that the use of a domain name for illegitimate activity (here, claimed impersonation/passing off, or other types of fraud) can never confer rights or legitimate interests on a respondent.  WIPO Overview 3.0, section 2.13.1.

The Panel finds the second element of the Policy has been established.

**C. Registered and Used in Bad Faith**

The Panel notes that, for the purposes of paragraph 4(a)(iii) of the Policy, paragraph 4(b) of the Policy establishes circumstances, in particular, but without limitation, that, if found by the Panel to be present, shall be evidence of the registration and use of a domain name in bad faith.

In the present case, the Panel finds that the Respondent has intentionally attempted to attract, for commercial gain, Internet users by creating a likelihood of confusion with the Complainant's mark.  The Complainant's rights in its ILIA mark predate the registration of the disputed domain name by more than 10 years.  The disputed domain name contains the Complainant's well-established ILIA trademark preceded by the letter "l", which is readily overlooked.  The top-level domain chosen, ".beauty", implies a connection with the Complainant.  Together with the use to which the disputed domain name has been put, the composition of the disputed domain name implies an intention to benefit from the reputation of the Complainant's mark.

The disputed domain name redirects Internet users to a website prominently featuring the Complainant's mark and purporting to offer for sale the Complainant's products.  The colors and layout of this website are similar to those of the Complainant's own website.  Panels have held that the use of a domain name for illegitimate activity (here, claimed impersonation/passing off, or other types of fraud) constitutes bad faith.  WIPO Overview 3.0, section 3.4.

Having reviewed the record, the Panel finds the Respondent's registration and use of the disputed domain name constitutes bad faith under the Policy.

The Panel finds that the Complainant has established the third element of the Policy.

**7. Decision**

For the foregoing reasons, in accordance with paragraphs 4(i) of the Policy and 15 of the Rules, the Panel orders that the disputed domain name <lilia.beauty> be transferred to the Complainant.

*/Ingrīda Kariņa-Bērziņa /*
**Ingrīda Kariņa-Bērziņa**
Sole Panelist
Date:  August 5, 2025